FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 21, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZACHARY N.,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>Defendant. | No. 2:21-CV-00066-JAG<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 19. Attorney Dana Madsen represents Zachary N. (Plaintiff); Special Assistant United States Attorney Sarah Moum represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## I. JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on May 16, 2019, alleging disability since September 28, 2018, due to social phobia, PTSD, arthritis, bad hip, and degenerative disc disease. Tr. 68. The application was denied initially and upon reconsideration. Tr. 97-99, 104-10. Administrative Law Judge (ALJ) MaryAnn Lunderman held a hearing on September 1, 2020, Tr. 32-66, and issued an unfavorable decision on September 25, 2020, Tr. 15-26. Plaintiff requested review from the Appeals Council and the Appeals Council denied the request for review on December 2, 2020. Tr. 1-5. The ALJ's September 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 29, 2021. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was born in 1977 and was 41 years old as of his alleged onset date. Tr. 68. He has a high school education and served in the military for 17 years, as an aircraft crew chief. Tr. 40-41, 55-58. He medically retired from the military in 2018 due to back problems and mental health, and has since been rated 100% disabled by the VA. Tr. 41, 48, 289, 827. At the time of his hearing in September 2020, he was scheduled to have a lumbar fusion in a few months. Tr. 46, 837, 917.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV.   SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On September 25, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the 1st metatarsophalangeal joint, depressive disorder, and PTSD. *Id.*

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform work at the light exertional level, with the following additional limitations:

> [T]he climbing of ramps and stairs must be limited to frequently, while kneeling, crouching (bending at the knees), the climbing of ladders, ropes and scaffolds, stooping (bending at the waist), and crawling must be limited further to occasionally and balancing is unlimited. With the right upper extremity, overhead reaching must be limited to frequently. Within the assigned work area there must be less than occasional exposure to concentrated hazards, such as machinery and heights. The assigned work must be limited to simple unskilled tasks with a SVP of 1 or 2 and reasoning level of 1 or 2. Assigned tasks must be learned in 30 days or less or by a brief demonstration and the assigned work must have minimal change in the tasks as assigned. The assigned work must require no more than occasional brief intermittent work related contact with coworkers, supervisors and the public. In addition, the assigned work must be performed primarily independently, not as a member of team or crew, and there must be minimal change in the assigned work setting.

Tr. 19-20.

At **step four**, the ALJ found Plaintiff was unable to perform his past relevant work as a crew chief, flying crew, operations supervisor, or material handler, all military jobs. Tr. 23.

At **step five**, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of collator operator, routing clerk, and marker. Tr. 24. The ALJ made additional alternative findings of sedentary jobs that Plaintiff would also be capable of performing. Tr. 25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 25-26.

## VI.  ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly discrediting Plaintiff's symptom complaints; and (2) improperly considering and weighing the medical opinion evidence.

## VII.  DISCUSSION

A.  **Plaintiff's Symptom Testimony.**

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 18 at 13-14.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found Plaintiff's allegations were not supported by the objective physical and mental evidence and that his allegations about his activity level and the need to have his service dog with him at all times were not reflected in the records. Tr. 22.

Plaintiff argues the ALJ improperly discounted his reports of significant symptoms to his providers and that the ALJ failed to identify activities that contradicted Plaintiff's testimony. ECF No. 18 at 13-14. Plaintiff further argues that the ALJ failed to consider the possibility that Plaintiff took his dog with him to appointments and the providers simply did not reflect this in their chart notes. *Id.* Defendant argues the ALJ reasonably found Plaintiff's complaints conflicted with the treatment records and that other statements were at odds with the lack of documentation in the file. ECF No. 19 at 4-7. Defendant further notes that the ALJ did not rely on Plaintiff's activities as a basis for disregarding his reports. *Id.* at 8, n.1.

The Court finds the ALJ offered sufficient reasons for discounting Plaintiff's subjective reports. In assessing a claimant's statements about their symptoms, including pain, an ALJ may take into consideration the objective medical evidence along with other evidence, such as the claimant's statements about their symptoms,

observations by providers and others, the claimant's daily activities, and any measures they use to relieve pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)-(4). Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ found Plaintiff's allegations regarding the need to spend the majority of his time reclining and to take his service dog with him were not reflected in the records. Tr. 22. While Plaintiff argues the providers could have simply failed to document the presence of his dog, the ALJ's interpretation of the record is reasonable and supported by substantial evidence. Furthermore, while there are some objective findings in Plaintiff's treatment records that are supportive of his allegations, "when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ reasonably summarized the records, pointing to the largely unremarkable findings throughout the record, the numerous times Plaintiff denied certain symptoms, and the lack of support for marked or more severe limitations.

The Court finds the ALJ offered clear and convincing reasons for discounting Plaintiff's subjective complaints.

B. **Medical Opinions.**

Plaintiff contends the ALJ erred by improperly weighing the medical opinion evidence, asserting that the ALJ should not have relied on the state agency non-examining opinions, and instead should have relied on the treatment records and Dr. Reinke. ECF No. 18 at 14-17.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence.

*Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

    opinion(s) or prior administrative medical finding(s) will
    be.

20 C.F.R. § 404.1520c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

  The revised regulations further make clear that an ALJ need not provide "any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits." 20 C.F.R. § 404.1504. This new regulation removes any requirement for an ALJ to discuss a VA rating.[2]

  Plaintiff has not identified any particular medical opinion evidence that he asserts the ALJ erred in evaluating. ECF No. 18 at 14-17. Simply stating that the ALJ should have relied on the objective treatment records more does not identify any error in the ALJ's assessment of the opinions. Furthermore, the ALJ was not required to offer any analysis regarding the VA's 100% disability rating or Dr. Reinke's agreement with that rating decision. The Court finds the ALJ did not err.

---

[2] The Notice of Proposed Rulemaking accompanying the revised regulations specifically noted the Ninth Circuit's ruling in *McCarty v. Massanari*, 298 F.3d 1072 (9th Cir. 2002) and indicated that the new regulations would eliminate the different approaches taken by different Circuits and unify the application of the disability process across the nation. Revision to Rules Regarding the Evaluation of Medical Evidence, Notice of Proposed Rule Making, Fed. Reg. Vol. 81, No. 175 62565 (Sept. 9, 2016).

## VII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 21, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE